UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 98-4863

ANTONIO ANDRE OLIVER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-98-213-3)

Submitted: June 30, 1999

Decided: September 15, 1999

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bradford Fleming Johnson, Stephen T. Harper, JOHNSON &
WALKER, P.C., Richmond, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, N. George Metcalf, Assistant United States
Attorney, James B. Reis, Third-year Law Student, Richmond, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Antonio Oliver pled guilty to one count of possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) (1994), reserving his right to appeal the denial of his motion to suppress evidence obtained as the result of a traffic stop. For the reasons that follow, we affirm.

In January 1998, Officer P.D. Pruess, a campus police officer employed by Virginia Commonwealth University, received a tip from a confidential informant that Oliver was selling crack cocaine on and around the VCU campus. Based on this information, Pruess began observing Oliver and, as part of his surveillance, checked the status of Oliver's driver's license. After learning that Oliver's license had been suspended, Pruess witnessed Oliver driving his car on March 2, 1998. Based on this information, Pruess obtained a warrant for Oliver's arrest on March 17, 1998.

Later that day, Pruess waited outside Oliver's residence and then followed Oliver in his vehicle. Pruess lost Oliver in traffic but was able to radio to another officer who then stopped Oliver. Pruess arrived shortly thereafter. Pruess testified that, while he was following Oliver, he noticed a large crack in Oliver's windshield. According to Pruess, "I was stopping him under 46.2-1000, which is a safety violation [for the cracked windshield.] I then informed [Oliver] I had a warrant for his arrest for driving without a license." Pruess admitted that on the date of Oliver's arrest, he knew that Oliver's licence was no longer suspended.

Oliver consented to a search of his car which revealed thirty-five grams of cocaine and one and one-half ounces of marijuana. Oliver then admitted that he had been unemployed since September 1997 and had been selling crack cocaine as his source of income. As a

2

result of this conversation, Pruess obtained a search warrant for Oliver's residence. Richmond City police officers executed the warrant and found marijuana, cocaine, and various items of drug distribution paraphernalia (scales, razor blades, zip-lock baggies).

Oliver filed a motion to suppress the evidence found in his car, his statements made to Pruess, and the items found in his home, claiming that all of the evidence was derived as the result of an illegal traffic stop. The district court denied the motion and Oliver pled guilty, conditioned on his right to appeal the denial of his motion to suppress.

This court reviews the district court's findings on a denial of a motion to suppress for clear error and its legal conclusions de novo. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). A traffic stop is permissible if the officer has probable cause to believe a traffic violation has occurred. See Whren v. United States, 517 U.S. 806, 810 (1996). Accordingly, when an officer observes even a minor traffic offense, a stop of the vehicle is permissible. See United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). This is so even if the officer suspects the vehicle's occupants of some other criminal activity; the stop "`remains valid even if the officer would have ignored the traffic violation but for his other suspicions.'" Hassan El, 5 F.3d at 730 (quoting United States v. Cummins, 920 F.2d 498, 500-501 (8th Cir. 1990)). Therefore, the cracked windshield provided a sufficient basis for stopping Oliver's vehicle.

Nevertheless, Oliver claims that the stop was unconstitutional because: (1) the warrant was invalid in that it identified the wrong statute and (2) the officer who actually stopped Oliver did not notice the cracked windshield. First, Oliver argues that Pruess should have charged a violation of Va. Code Ann. § 46.2-301 (Michie 1998) (driving with a suspended license), instead of Va. Code Ann. § 46.2-300 (Michie 1998) (driving with an invalid license). However, § 46.2-301 requires that the defendant have actual notice of his suspension and imposes an additional penalty (automatic resuspension). Pruess testified that he chose to rely on § 46.2-300 on the warrant application because "I had no way to prove whether there was notice or not." Because Pruess personally observed Oliver driving without a valid license on the date identified in the warrant, the warrant was valid.

3

In any event, the cracked windshield provided an independent basis for stopping Oliver. See Whren, 517 U.S. at 810. Contrary to Oliver's second assertion, the fact that the officer who stopped him on Pruess' command did not personally observe the crack is irrelevant. See United States v. Laughman, 618 F.2d 1067, 1072 (4th Cir. 1980) ("[S]o long as the officer who orders an arrest or search has knowledge of facts establishing probable cause, it is not necessary for the officers actually making the arrest or conducting the search to be personally aware of those facts"); see also United States v. Pitt, 382 F.2d 322, 324 (4th Cir. 1967) ("Probable cause . . . can rest upon the collective knowledge of the police, rather than solely on that of the officer who actually makes the arrest").

Because we find that the district court did not err by denying Oliver's suppression motion, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED